STANDARD ACCIDENT INSURANCE COMPANY OF DE-
TROIT, MICHIGAN, A CORPORATION OF THE STATE
OF MICHIGAN, PROSECUTOR, v. FRANCIS V. D. LLOYD,
JUDGE OF THE FIFTH JUDICIAL DISTRICT COURT
OF THE COUNTY OF BERGEN; PETER A. GRANDE,
CLERK OF THE FIFTH JUDICIAL DISTRICT COURT
OF THE COUNTY OF BERGEN; HEDLEY DA COSTA,
CHARLES SCHMIDT, ATTORNEY FOR HEDLEY DA
COSTA; JAMES W. MERCER, COUNTY CLERK OF BER-
GEN COUNTY AND CLERK OF THE BERGEN COUNTY
CIRCUIT COURT; FRED MEITSEL, AS AN INDIVIDUAL;
THE EDGEMONT CONSTRUCTION COMPANY, A NEW
JERSEY CORPORATION, AND KNAPP DEVELOPMENT
COMPANY, A NEW JERSEY CORPORATION, AND FRED
L. BLOODGOOD, CLERK OF THE NEW JERSEY SU-
PREME COURT, DEFENDANTS.

Submitted May 15, 1931—Decided December 10, 1931.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *Louis Auerbacher, Jr.*

For the defendant Hedley da Costa, *Charles Schmidt* (*Warren Dixon, Jr.,* of counsel).

PER CURIAM.

On August 28th, 1929, Hedley da Costa filed a lien claim against property in the township of Teaneck in the office of the clerk of Bergen county. Summons was issued out of the Fifth Judicial District Court of Bergen county on the

lien claim against Fred Meitsel and Edgemont Construction Company, builders, and Knapp Development Company, Incorporated, owner, on September 3d, 1929, and the certificate of the issuance thereof was filed in the Bergen county clerk's office September 5th, 1929. Service of the summons was made on the defendants September 5th, 1929. None of the defendants filed an answer or took any other steps in the cause except that on December 20th, 1929, the above mentioned defendants with the prosecutor of this writ as surety, filed a bond in the office of the clerk of Bergen county for the purpose of releasing the premises against which the lien was filed, from the operation thereof. On January 31st, 1930, a rule for judgment was entered against Meitsel, Edgemont Construction Company and Knapp Development Company, being entered specially against the land described in the complaint. At this time neither the plaintiff nor his attorney had any actual notice of the fact that the bond had been filed.

On May 11th, 1930, the rule for judgment as entered was amended to include Standard Accident Insurance Company as a judgment defendant by reason of the bond filed by it as surety. This rule for judgment failed to state that the lands would be specially liable had the bond not been filed. On September 29th, 1930, an amended rule for judgment correcting the omission, which was contained in the original rule, was entered.

The power of the District Court to enter this judgment and make these amendments is the only point in controversy on this *certiorari*, as far as the prosecutor of this writ is concerned.

We think, as argued by the defendant in *certiorari*, that the District Court had jurisdiction of the subject-matter, and of the parties, therefore any alleged error by the District Court can be reviewed only by appeal.

The amount in controversy was $350. The land and building against which the lien claim was filed were located in Bergen county. Jurisdiction under a mechanics' lien suit, where the amount in controversy does not exceed $500 is vested in any District Court of the county in which the land

and building are situated. Mechanics' Lien act, section 23; 3 *Comp. Stat., p.* 3307. The court therefore had jurisdiction of the subject-matter.

The prosecutor contends that the court did not have jurisdiction over it personally because no summons was served upon it, and because it was not made a party to the original summons and complaint. This contention cannot prevail. Jurisdiction over the prosecutor as a defendant in the cause, was acquired by force of the Mechanics' Lien act as amended. *Pamph. L.* 1917, *ch.* 68, *p.* 121; 1 *Cum. Supp. Comp. Stat., p.* 1853. This act provides that upon the filing of a bond for the purpose of releasing the land from the operation of the lien, the principal and surety thereon shall, upon such filing become parties in any action commenced, or to be commenced, upon the lien claim. The bond in the present case was filed in the Bergen county clerk's office December 20th, 1929, and by reason thereof the prosecutor became a party defendant to the cause. The District Court, therefore, had jurisdiction both of the subject-matter and of the parties, and any alleged error committed by it could be reviewed only by appeal and not by *certiorari.*

The question of the right to a writ of *certiorari* directed to the District Court, is covered by section 89 of the District Court act, which provides that "where the court has jurisdiction, no judgment in any District Court from which [as here] an appeal is given by this act, shall be removed by *certiorari,* for the correction of any supposed error thereon; * * *."

This provision of the act was considered in the case of *Genuario* v. *Gaudenzio,* 64 *N. J. L.* 157, wherein the court said (at *p.* 158) : "The right of the prosecutors to review this judgment by *certiorari* depends upon whether the court below had jurisdiction of the subject-matter of the litigation and of the parties to it, for, if such jurisdiction existed, then the only method of review was by an appeal," &c.

In this connection it is noted that the prosecutor contends that the District Court was deprived of the power to enter the final judgment as amended, by the Mechanics' Lien act as amended by *Pamph. L.* 1910, *p.* 226, which provides that

any final judgment recovered in the District Court in a suit on a mechanic's lien, shall be docketed in the Circuit Court upon compliance with the conditions therein set forth. To this contention it is a sufficient answer to say that the judgment in question was not docketed in the Circuit Court. The attempt was to docket it in the Court of Common Pleas and that attempt was nugatory.

The writ of *certiorari* will be dismissed, with costs.